UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| THE MONTICELLO BANKING COMPANY, *et al.*,<br><br>    **Plaintiffs,**<br><br>v.<br><br>CONSUMER FINANCIAL PROTECTION BUREAU, *et al.*,<br><br>    **Defendants.** | CIVIL ACTION<br>NO. 6:23-cv-00148-KKC<br><br><br><u>**OPINION & ORDER**</u> |

*** *** ***

This matter is before the Court on Defendants' Motion to Maintain the Stay of Litigation in this action. (DE 25). Through their motion, Defendants seek to continue the stay the Court previously ordered until the resolution of overlapping litigation in Texas. For the following reasons, Defendants' motion is **GRANTED**.

## I. Background

Plaintiffs in this case are eight individual banks in Kentucky and the Kentucky Bankers Association. In August 2023, they filed suit against Defendants Consumer Financial Protection Bureau ("CFPB" or "the Bureau") and Director Chopra to challenge the Bureau's Small-Business Lending Rule ("the Rule") which implements a statutory requirement that financial institutions collect and report certain information in their small-business lending practices. Plaintiffs' complaint alleges that the Rule is invalid because (I) the Bureau's statutory method of funding is unconstitutional, (II) the Bureau acted in excess of its statutory authority by adding to the specific types of data that lenders are required to collect and report, (III) the Bureau acted arbitrarily and capriciously by failing to consider comments

1

by regulated entities, (IV) the Bureau's assessment of the Rule's costs and benefits was unreasonable, and (V) two specific aspects of the Rule violate the First Amendment. (DE 1.)

In September 2023, the Court granted Plaintiffs' motion for a preliminary injunction to enjoin the CFPB from enforcing the Rule while the issue of the constitutionality of the Bureau's funding mechanism was before the Supreme Court. This Court then sua sponte stayed the litigation pending the Supreme Court's decision. (DE 23.) On May 16, 2024, the Supreme Court issued an opinion upholding the Bureau's funding structure. *See Consumer Fin. Prot. Bureau v. Cmty. Fin. Servs. Ass'n of Am., Ltd.*, 601 U.S. 416 (2024). This Court has not yet lifted the stay.

Before this case was filed, similar litigation had been proceeding in Texas. The Texas Bankers Association and one individual Texas bank—later joined by numerous other trade associations who intervened in the case, including the Independent Community Bankers of America (ICBA)—filed suit on April 26, 2023 against the Bureau and Director Chopra. *See Texas Bankers Ass'n v. CFPB*, No. 7:23-cv-0144 (S.D. Tex.). The Texas plaintiffs challenge the same rule as the Kentucky plaintiffs and bring claims identical to the first four claims brought in this Court. After the court in *Texas Bankers* granted a preliminary injunction based on the funding claim, the parties proceeded to briefing on cross-motions for summary judgment on all claims. The briefing concluded on June 7, 2024.

Defendants now ask the Court to maintain the stay under the first-to-file rule while the action is before the district court in Texas.

## II. Discussion

Defendants argue that the case should be stayed under the first-to-file rule. The first-to-file provides that "when actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should generally proceed to judgment.'" *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th


Cir. 2016) (quotations omitted). This rule "encourages comity among federal courts of equal rank" and "conserves judicial resources by minimizing duplicative or piecemeal litigation, and it protects the parties and the courts from the possibility of conflicting courts." *Id*.

When determining whether to apply the first-to-file rule, courts generally evaluate the following factors: (1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake. *Id.* If these three factors support application of the rule, the court must also determine whether any equitable considerations merit not applying the rule in a particular case. *Id*. The Court will consider these factors in turn.

### 1. Chronology of Events

The first factor to consider is the chronology of the filings in the two cases. The dates to compare for chronology purposes of the first-to-file rule are when the relevant complaints were filed. *Id.* at 790. Here, the Texas case was filed on April 26, 2023. This case was filed on August 11, 2023. Therefore, this factor favors applying the rule.

### 2. Similarity of Parties

The second factor to consider is the similarity of the parties involved. The first-to-file rule applies when the parties in the two actions "substantial[ly] overlap," even if they are not perfectly identical. *Id.* (quoting *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950-51 (5th Cir. 1997)).

The defendants in this case are identical to the defendants in the Texas litigation. Although the plaintiffs are not identical, Defendants argue that they are substantially similar. One of the plaintiffs in the Texas case is the Independent Community of Bankers Association ("ICBA"). Four out of the eight individually named bank plaintiffs in this case are members of the ICBA. Additionally, there is an unidentified overlap in member banks of the Kentucky Bankers Association, a plaintiff in this case, and the ICBA, who purports to represent thousands of small banks across the country. Since the defendants and some of the

3

plaintiffs are the same, the Court considers this factor to tip slightly in favor of the first-to-file rule.

### 3. Similarity of Issues

The third factor to evaluate in the first-to-file rule is the similarity of the issues or claims at stake. Just as with the similarity of the parties factor, the issues need only substantially overlap in order to apply the first-to-file rule. *Save Power*, 121 F.3d at 950-51. The issues need not be identical, but they must "be materially on all fours" and "have such an identity that a determination in one action leaves little or nothing to be determined in the other." *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997) (citation omitted).

Here, four out of five claims that Plaintiffs bring are nearly identical to the claims in the Texas litigation. The fifth claim, that the Rule violates the First Amendment, is not present in the Texas complaint. Defendants argue that the one additional claim does not defeat the first-to-file rule because the issues still substantially overlap. Additionally, they argue that since the fifth claim is a constitutional claim, proceeding on that claim would defy the practice of constitutional avoidance since the resolution of the other claims may render a decision on the fifth claim unnecessary. Conversely, Plaintiffs argue that the inclusion of the fifth claim precludes application of the first-to-file rule since the First Amendment claim will not be addressed in the Texas litigation. Although true, there is still a substantial overlap between the issues presented in each case, and there is a possibility that resolution of the identical issues in the Texas litigation will also resolve the fifth, non-identical claim. Accordingly, this factor favors applying the first-to-file rule.

### 4. Equitable Considerations

Last, equitable considerations do not preclude the Court from applying the first-to-file rule. Even if all three factors of the first-to-file rule are satisfied, equitable considerations

may weigh against its application. *Baatz*, 814 F.3d at 792. Such equitable considerations include extraordinary circumstances, inequitable conduct, bad faith, or forum shopping. *Id.*

Plaintiffs raise two equitable considerations that they argue call for not applying the rule. First, they contend that the CFPB improperly delayed litigation by not raising this argument for the six months between the filing of the Kentucky complaint and this Court's entry of the order staying the case. Second, Plaintiffs point to the CFPB's refusal to answer Congressman Barr's office about an Election Form used by the banks while this case was stayed and its subsequent refusal to answer interrogatories about the Election Form by filing the present motion to maintain the stay. Plaintiffs argue that this qualifies as inequitable conduct that should not be rewarded by granting the stay. Defendants respond that it was unnecessary to file the motion sooner while the Court had granted Plaintiffs' motion for preliminary relief and sua sponte stayed the case. Additionally, they argue that correspondence over discovery is irrelevant to whether the first-to-file rule applies.

The equitable considerations that Plaintiffs point to do not create extraordinary circumstances such that deviation from the rule is warranted. When the factors support the application of the first-to-file rule, deviations because of equitable factors are the exception, rather than the norm. *Baatz*, 814 F.3d at 792 (citations omitted). Here, the Defendants had no need to file the motion to apply the first-to-file rule while the Court had sua sponte stayed the case pending a decision by the Supreme Court. Second, withholding disputed discovery while the stay had not been lifted does not indicate bad faith. Thus, equitable considerations do not preclude the Court from applying the first-to-file rule and the Court will maintain the stay of the case until the Texas District Court proceeds to final judgment.

For these reasons, it is hereby **ORDERED** that:

(1) Defendants' motion to maintain the stay is **GRANTED** (DE 25);

(2) This action is **STAYED** until the Texas District Court proceeds to final judgment; and

(3) All other motions pending in this matter are **DENIED AS MOOT**.

Dated August 7, 2024.

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY