UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| **THE MONTICELLO BANKING COMPANY**, *et al.*, | **CIVIL ACTION NO. 6:23-cv-00148-KKC** |
| Plaintiffs, | |
| v. | **OPINION & ORDER** |
| **CONSUMER FINANCIAL PROTECTION BUREAU**, *et al.*, | |
| Defendants. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the motion (DE 49) by defendant Consumer Financial Protection Bureau ("CFPB") to stay this action while the CFPB conducts a new rulemaking to reconsider the Small Business Lending Rule ("the Rule"), which was issued on March 30, 2023, and is the rule that the plaintiffs challenge in this action. *See* 12 C.F.R. § 1074.1(a). In the motion, the CFPB indicates that the Plaintiffs do not consent to the requested stay.

With Plaintiffs' initial complaint in this action, they asserted that the Rule is invalid because (I) the CFPB's statutory method of funding is unconstitutional, (II) the CFPB acted in excess of its statutory authority by adding to the specific types of data that lenders are required to collect and report, (III) the CFPB acted arbitrarily and capriciously by failing to consider comments by regulated entities, (IV) the CFPB's assessment of the Rule's costs and benefits was unreasonable, and (V) the Rule violates the First Amendment. (DE 1.)

The first four of those claims were already being litigated in a Texas district court in an action brought by the Texas Bankers Association against the CFPB. *See Texas Bankers*

*Association, et al. v. Consumer Financial Protection Bureau, et al.*, Civil Action No. 7:23-CV-144 (S.D. Texas filed April 26, 2023). On the CFPB's motion, this Court stayed this action under the first-to-file rule pending a final judgment by the Texas district court. (DE 33, Stay Order.) On September 23, 2024, the Texas district court entered a final judgment dismissing the Texas bankers' action with prejudice. The bankers have appealed that judgment to the Fifth Circuit Court of Appeals.

Plaintiffs in this action then moved to file an amended complaint explaining that the tendered amended complaint "removes the claims previously alleged in Counts I through IV and expands Court V . . . ." (DE 37.) The Court granted that motion. Accordingly, the operative complaint in this matter is the First Amended Complaint and the sole claim before the Court is the claim that is designated "Count 5" in that complaint. *See Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306-07 (6th Cir. 2000) (stating a plaintiff's amended complaint supersedes all previous complaints and becomes the operative complaint).

By prior order, the Court granted the CFPB's motion for an extension of 90 days to respond to the Amended Complaint. This was because the CFPB's new leadership had directed CFPB counsel "not to make any filings or appearances in litigation except to seek a pause in proceedings, unless approved by the Bureau's new leadership." The Court stayed this action until May 30, 2025 and ordered the CFPB to file a response to Plaintiffs' Amended Complaint by that date. The Court further ordered that the deadlines for Plaintiffs in this action to comply with the Rule were stayed until further orders of the Court.

Because of the imminent deadline for the CFPB to file a response to the Amended Complaint, the Court hereby ORDERS that this action is STAYED until the Court issues an order resolving this motion to stay. The Court further hereby ORDERS that the current May 30, 2025 deadline for the CFPB to file a response to the Amended Complaint is VACATED. The Court will set a new deadline, if appropriate, by subsequent order.

This 29th day of May, 2025.

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY