UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| **THE MONTICELLO BANKING COMPANY**, *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **CONSUMER FINANCIAL PROTECTION BUREAU**, *et al.*, <br><br> **Defendants.** | **CIVIL ACTION** <br> **NO. 6:23-cv-00148-KKC** <br><br><br> **OPINION & ORDER** |

*** *** ***

This matter is before the Court on the motion (DE 49) by defendant Consumer Financial Protection Bureau ("CFPB") to stay this action while the CFPB conducts a new rulemaking to reconsider the Small Business Lending Rule ("the Rule"), which was issued on March 30, 2023, and is the rule that the plaintiffs challenge in this action. *See* 12 C.F.R. § 1074.1(a).

With Plaintiffs' initial complaint in this action, they asserted five grounds for invalidating the Rule. The first four of those claims were litigated in a Texas district court in an action brought by the Texas Bankers Association against the CFPB, and have been appealed to the Fifth Circuit Court of Appeals. *See Texas Bankers Association, et al. v. Consumer Financial Protection Bureau, et al.*, Civil Action No. 7:23-CV-144 (S.D. Texas filed April 26, 2023). Plaintiffs in this action then moved to file an amended complaint explaining that the tendered amended complaint "removes the claims previously alleged in Counts I through IV and expands Court V . . . ." (DE 37). The Court granted that motion. Accordingly, the operative complaint in this matter is the First Amended Complaint and the sole claim

before the Court is the claim that is designated "Count 5" in that complaint. *See Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306-07 (6th Cir. 2000) (stating a plaintiff's amended complaint supersedes all previous complaints and becomes the operative complaint).

The CFPB moves to stay the matter because new rulemaking could potentially moot this action (DE 49). Plaintiffs submitted a response to the CFPB's motion to stay (DE 51), asking the court to set a specific new deadline for the CFPB to respond to the Amended Complaint. Plaintiffs seek a specific deadline "in order to know the CFPB's position on whether the 'procedures and systems' to be 'tested' should/may include their Election Form" (DE 51). The CFPB submitted a reply, arguing that a specific deadline to answer was not necessary due to the potential that a new rule may moot the issue and, irrespective of any new rule, no bank has any compliance obligation under the Rule until July 1, 2026, at the earliest (DE 52).

A temporary stay of this action to determine if the issue in this case becomes moot will not unnecessarily burden Plaintiffs' ability to ensure compliance with the Rule in the event that no change occurs. Accordingly, this Court hereby ORDERS that this action is STAYED until December 1, 2025. The Court further hereby ORDERS that the CFPB must file a status report on December 1, 2025 detailing the status of the new rulemaking.

This 9th day of September, 2025.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY